# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK WATKINS,**

    **Plaintiff,**

v.                                               Case No. 25-CV-1218

**TONY EVERS,**

    **Defendants.**

## ORDER

Plaintiff Derrick Watkins, who is currently incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging the defendant, Wisconsin Governor Tony Evers, violated his constitutional rights. (ECF No. 1.) He then filed an amended complaint. (ECF No. 5.) Because Watkins may file an amended pleading as a matter of course before service on the opposing party, *see* Fed. R. Civ. P. 15(a), and because "an amended complaint supersedes an original complaint and renders the original complaint void[,]" *Flanner v. Recording Indus. Ass'n of American*, 354 F.3d 632, 638 n. (7th Cir. 2004) (citations omitted), the court will screen his amended complaint. He also filed a motion for leave to proceed without prepayment of the filing fee, which the court will also resolve. (ECF No. 4.)

The court has jurisdiction to screen the amended complaint and resolve Watkins's motion in light of Watkins's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the

exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Watkins was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Watkins filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 4.) On September 16, 2025, the court ordered Watkins to pay an initial partial filing fee of $2.08 by October 16, 2025. (ECF No. 8.) Watkins paid the fee on October 10, 2025. The court will grant Watkins's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon

2

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3

*Watkins's Allegations*

Watkins alleges that on April 3, 2021, he was arrested in Jacksonville, Florida, as a result of an unlawful stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). (ECF No. 5 at 1.) On April 4, 2021, an unidentified Florida judge informed Watkins that the state of Wisconsin would be alerted to his custody and given the opportunity to request Watkins's extradition. (*Id.*) On April 5, 2021, Watkins appeared in front of another unidentified Florida judge who informed him that he was being extradited to Wisconsin. (*Id.*) Watkins asserts he was never given the opportunity to challenge or waive extradition. (*Id.*) He was also never given the opportunity to contest his unlawful Florida arrest. (*Id.* at 2.)

*Analysis*

Watkins claims his constitutional rights were violated when he was not given an opportunity to challenge his extradition to Wisconsin. An issue may exist under *Heck v. Humphrey*, 512 U.S. 477 (1994), because allowing Watkins to proceed on a claim under § 1983 could potentially invalidate his criminal sentence. *See Scheurich v. Doe*, Case No. 16-cv-876-JPG, 2007 WL 1152913 at *4 (S.D. Ill. March 28, 2017) (discussing *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000), wherein the Seventh Circuit Court of Appeals acknowledged that a showing of deprivation of liberty through extradition "would necessarily imply the invalidity of [the plaintiff's] Wisconsin parole violation.").

However, the court does not have to address the *Heck* issue because Watkins cannot bring his suit against Governor Evers or the State of Wisconsin. The asylum

state (here, Florida) is responsible for ensuring that the proper procedures have been followed, not the state demanding extradition (here, Wisconsin). *See Martinez. v. Sun*, 896 F.Supp. 2d 710, 722 (N.D. Ill. Sept. 13, 2012) (discussing *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982), wherein the Seventh Circuit noted that it is unreasonable to require the demanding state agents to be familiar with the procedural safeguards enacted in the asylum state's extradition statues and then further require them to ensure that the statutory safeguards have been followed."). In other words, Watkins can't sue the Governor of Wisconsin or allege procedural deficiencies that occurred in Florida. Watkins fails to state a claim upon which relief may be granted.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Watkins's complaint is thorough in its allegations of facts surrounding this claim, so the court finds that further amendment would be futile.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Watkins's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Watkins shall collect from his institution trust account the $347.92 balance of the filing fee by collecting monthly payments from Watkins's prison trust account in an amount equal to 20% of the preceding month's income credited to Watkins's trust account

5

and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Watkins is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Watkins is confined

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 18th day of December, 2025.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge